Arrest on Out-of-District Offense

# *UNITED STATES DISTRICT COURT*

## SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

'08 MJ 1617

Magistrate Case Number: _____

The person charged as Alberto Gutierrez-Hernandez _____ now appears before this United States

District Court for an initial appearance as a result of the following charges having been filed in the United States

District Court for the Eastern _____ District of Texas _____

with   Conspiracy to Possess with the Intent to distribute Marijuana, Money Laundering _____ , in

violation of   Title 21 USC section 846, Title 18 USC section 1956, Title 18 USC section 1960. _____

_____

_____

The charging documents and the warrant of the arrest of the defendant which was issued by the above

United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

DATED: 5/23/08 _____ .

_____
Sean Haworth

Federal Bureau of Investigation _____
(Name)
~~Deputy United States Marshal~~

Reviewed and Approved:

Dated: 5/23/08 _____

_____
Assistant United States Attorney

AO 442    (Rev. 10/03)  Warrant for Arrest

# UNITED STATES DISTRICT COURT

_____EASTERN_____    District of    _____TEXAS_____

UNITED STATES OF AMERICA

V.

Alberto Gutierrez

**WARRANT FOR ARREST**

Case Number:  4:08cr67-4 (Crone)

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest    ALBERTO GUTIERREZ

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment  ☐ Information  ☐ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with   (brief description of offense)
Conspiracy to possess with intent to distribute marijuana; Conspiracy to commit money laundering; Conducting or owning an unlicensed money transmitting business

in violation of Title   21   United States Code, Section(s)   846; 18:1956(h), 1960(a)

DAVID J. MALAND
Name of Issuing Officer

CLERK
Title of Issuing Officer

Signature of Issuing Officer

5/15/08                     Sherman
Date                        Location

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By:

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 1 5 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| VS. | § | CAUSE NO. 4:08CR67 |
| | § | Judge Crone |
| | § | |
| | § | |
| | § | |
| ALBERTO GUTIERREZ (4) | § | |
| | § | |
| | § | |

### SUPERSEDING INDICTMENT

The United States Grand Jury charges:

### COUNT 1

> Violation: Title 21 U.S.C. § 846
> (Conspiracy to Possess with Intent to
> Distribute Marijuana) and Title 18 U.S.C. §
> 2 (Aiding and Abetting)

That from sometime on or about July 2006, and continuously thereafter up to and

including May 15, 2008, in the Eastern District of Texas and elsewhere within the jurisdiction of

this Court,

**ALBERTO GUTIERREZ**

defendants herein, did knowingly and intentionally combine, conspire, and agree with each other,

and with other persons known and unknown to the United States Grand Jury to knowingly and

intentionally possess with the intent to distribute and dispense 15,000 kilograms or more of a

SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 1

mixture or substance containing a detectable amount of marijuana, a violation of Title 21, United

States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846 and Title 18, United States

Code, Section 2.

## COUNT 2

> Violation:18U.S.C. §§1956(h),
> 1956(a)(1)(B)(i), and 1956(a)(1)(A)(i)
> [Conspiracy to commit Money Laundering]

That from in or about July 2006, the exact date unknown to the United States Grand Jury,

and continuously thereafter up to and including the date of the filing of this Superseding

Indictment, in the Eastern District of Texas and elsewhere within the jurisdiction of the Court,


### ALBERTO GUTIERREZ


defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree

together and with each other, and with others known and unknown to the Grand Jury, to commit

certain offenses against the United States, to-wit:

1. To knowingly conduct and cause to be conducted a financial transaction, the activities

of which affect interstate and foreign commerce, with proceeds of a specified unlawful activity,

that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, to-wit: marijuana

and cocaine, as described in this Superseding Indictment, knowing that the transaction was

designed in whole or in part to conceal and disguise the nature, ownership, control, and source of

the proceeds of the specified unlawful activity, and knowing that the property represented the

proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2. To knowingly conduct and cause to be conducted a financial transaction, the activities of which affect interstate and foreign commerce, with proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana and cocaine, as described in this Superseding Indictment, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the property involved represents the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

**MANNER AND MEANS**

1. It was a part of the conspiracy to transport from the United States, specifically the States of Texas, Ohio, Arizona and California, and into the United Mexican States, United States currency that was derived from the smuggling of marijuana and cocaine into the United States and from the distribution of marijuana and cocaine in the United States in order to promote the carrying on of the Conspiracy to Possess with the Intent to Distribute a Controlled Substance as described in the Superseding Indictment;

2. It was further a part of the conspiracy to receive United States currency derived from the Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana, via hidden compartments in travel trailers in the State of Texas for repackaging and preparation for shipment to Arizona or California, from Ohio and elsewhere in order to promote the carrying on of the Conspiracy to Possess with the Intent to Distribute a Controlled Substance as described in the Superseding Indictment;

SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 3

## OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of the conspiracy, one or more of the Defendants or conspirators, both indicted and unindicted, and other persons known and unknown to the Grand Jury, performed or caused the performance of certain overt acts in the Eastern District of Texas and elsewhere within the jurisdiction of this Court, including but not limited to the following:

1.    On or about March 14, 2008,        transported through the Eastern District of Texas approximately 2000 pounds of marijuana to a co-conspirator in Columbus, Ohio.

2.    On or about March 14, 2008,    received approximately $1,000,000.00 from a co-conspirator in Columbus, Ohio and attempted to transport the money back to Texas through the Eastern District of Texas.

3.    On approximately 15-20 occasions    or other co-conspirators traveled through the Eastern District of Texas and transported and delivered approximately 2000 pounds of marijuana on each occasion to a co-conspirator in Columbus, Ohio and returned the proceeds from the sale of the marijuana to Texas through the Eastern District of Texas for repackaging and preparation for further distribution to co-conspirators in Arizona or California.

4.    On multiple occasions  directed or instructed  to deposit United States currency which was proceeds from the sale of marijuana into their personal bank accounts in order to receive cashier checks in return.    would then use the cashier checks provided to him by  for the purchase of expensive personal items.

5.    On or about March 20, 2008,    concealed from law enforcement approximately $382,000.00      of United States currency which they knew was the proceeds of unlawful

activity, to-wit:  the possession and distribution of marijuana, in order to avoid the seizure of said

United States currency.

All in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1956(a)(1)(A)(i)

## COUNT 3

> Violation: 18 U.S.C. § 1960(a),
> 1960(b)(1)(A), 1960 (b)(1)(B) and 1960
> (b)(1)(C) (Conducting or owning an
> unlicensed money transmitting business).

That from or about July 2006, the exact date unknown to the United States Grand Jury

and continuously thereafter up to and including the date of the filing of this Superseding

Indictment, in the Eastern District of Texas and elsewhere within the jurisdiction of this Court,

## ALBERTO GUTIERREZ

defendants herein, knowingly conducted all or part of a money transmitting business which

affected interstate and foreign commerce, namely:

     1.    operated without an appropriate money transmitting license in a state where such

operation is punishable as a misdemeanor or a felony under state law, whether or not the

defendant knew that the operation was required to be licensed or that the operation was so

punishable in violation of Title 18, United States Code, Section 1960(b)(1)(A);

     2.    failed to comply with the money transmitting requirements under section 5330 of

title 31, United states Code, or regulations prescribed under such section in violation of Title 18,

United States Code, Section 1960(b)(1)(B);

SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 5

3.      involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity in violation of Title 18, United States Code, Section 1960 (b)(1)(C).

All in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(A), 1960(b)(1)(B) and 1960(b)(1)(C).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853

For committing the foregoing offense alleged in this Superseding Indictment, which is punishable by imprisonment for more than one year, herein used or intended to use, the below described property to commit or facilitate the said controlled substance violation and the below described property is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations of 18 U.S.C. §1956 and 21 U.S.C. 846, including but not limited to:

$14,940.00 in U.S. currency seized from

$382,750.00 in U.S. currency seized from

$17,754.61 from Wachovia Account No. 1010172145426 in the name of

2007 Country Coach Affinity 700, Model Number MAT450SHABCD, VIN Number 4U7D9FT1871090053

Grasshopper 723 with Big Tex Trailer

Dewalt Air Compressor Model D55168

2006 Cargomate Trailer LD, Texas license number 36Z-CZL, VIN Number 5NHEUH0126Y054823

2005 John Deere Model 325 Skid Steer Loader, Serial Number T00325A127818

2008 Mercedes Benz ML350, Texas license number DXW-276, VIN Number
4JGBB86E38A377427

2008 Mercedes Benz S550, Texas license number DXW-275, VIN Number
WDDNG71XX8A184185

2008 Chevrolet Silverado 1500, Texas license number 39V-TW6, VIN Number
2GCEK19JX81134547

2007 Chevrolet Silverado 2500, Texas license number 94C-CW6, VIN Number
1GCHK23697F535408

2007 Yamaha AR230 Ski Boat and 2007 MFI Trailer, Texas license number 7099AM,
Serial Number YAMC4625E707

Echo PB-413T Back Pack Blower PB413H

Craftsman 4 Cycle Back Pack Blower Model 794990

2008 APC Trailer

EZ Go Golf Cart

HP Pavilion DV6000 Notebook, Serial Number CNF6420QW1

Commercial Electric Double Light

Titan Industrial Diesel Generators (4)

Honda Excel Power Washer Model XR2625

All that lot or parcel of land, together with its buildings, improvements, fixtures,
attachments and easements located at 14827 County Road 234, Terrell, Texas 75160;
Block 10 & 10A, Highpoint Estates Addition

**SUBSTITUTE ASSETS** -

If any of the above-described forfeitable property, as a result of any act or omission of

Defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of said Defendant(s) up to the value of the forfeitable property described above.

By virtue of the commission of the felony offenses charged in this Indictment by the defendant, any and all interest they have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853.

A TRUE BILL

_____
FOREMAN OF THE GRAND JURY

REBECCA A. GREGORY
United States Attorney

_____
ERNEST GONZALEZ
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| VS. | § | CAUSE NO. 4:08CR67 |
| | § | Judge Crone |
| | § | |
| | § | |
| | § | |
| ALBERTO GUTIERREZ (4) | § | |
| | § | |
| § | | |

## NOTICE OF PENALTY

## COUNT 1

Violation:    21 U.S.C. § 846

Penalty:    If 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana – not less than 10 years and not more than life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least five (5) years;

If 100 kilograms or more but less than 1000 kilograms of a mixture or substance containing a detectable amount of marijuana – not less than five (5) and not more than 40 years imprisonment, a fine not to exceed $2 million, or both; supervised release of at least four (4) years;

If 50 kilograms or more but less than 100 kilograms of a mixture or substance containing a detectable amount of marijuana – not more than 20 years imprisonment, a fine not to exceed $1 million, or both; supervised release of at least three (3) years.

If less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana - not more than 5 years imprisonment, a fine not to exceed $250,000.00, or both; supervised release of at least two (2) years

Special Assessment:    $100.00

SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 9

## COUNT 2

| | |
|---|---|
| Violation: | Title 18, United States Code 1956(h), 1956(a)(1)(B)(I) and 1956 (a)(1)(A)(I) |
| Penalty: | Imprisonment for not more than twenty (20) years, a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both.  A term of supervised release of at least three (3) years. |
| Special Assessment: | $100.00 |

## COUNT 3

| | |
|---|---|
| Violation: | Title 18, United States Code 1960(1), 1960(b)(1)(A), 1960 (b)(1)(B) and 1960 (b)(1)(C) |
| Penalty: | Not more than five years imprisonment, a fine not to exceed $250,000, or both; supervised release of not more than three years |
| Special Assessment: | $100.00 |